| FORM 104 **ADVERSARY PROCEEDING COVER SHEET** (08/07) (Instructions on Reverse) | **ADVERSARY RPOCEEDING NUMBER** (COURT USE ONLY) |
|---|---|
| **PLAINTIFFS**<br>MARY ANN RABIN<br>TRUSTEE IN BANKRUPTCY<br>55 PUBLIC SQUARE, #1510<br>CLEVELAND, OHIO 44113 | **DEFENDANTS**<br>JOHN V. DEPALMA<br>CHERYL DEPALMA |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.)<br>Rabin & Rabin Co., L.P.A.<br>55 Public Square<br>Suite 1510<br>Cleveland, OH 44113 (216)771-8084 | **ATTORNEYS** (If Known) |
| **PARTY** (Check one box only)<br>☐ Debtor ☐ US Trustee/Bankruptcy Admin<br>☐ Creditor ☐ Other<br>■ Trustee | **PARTY** (Check one box only)<br>☐ Debtor ☐ US Trustee/Bankruptcy Admin<br>☐ Creditor ■ Other<br>☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

**Complaint to Recover Funds**

**NATURE OF SUIT**
(Number up to five (5) boxes with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

| FRBP 7001(1) Recovery Money/Property<br>☐ 11-Recovery of money/property - §542 turnover of property<br>☐ 12-Recovery of money/property - §547 preference<br>■ 13-Recovery of money/property - §548 fraudulent transfer<br>☐ 14-Recovery of money/property – other<br><br>**FRBP 7001(2) – Validity, Priority or Extent of Liens**<br>☐ 21-Validity, priority or extent of lien or other interest in property<br><br>**FRBP 7001(3) – Approval of Sale of Property**<br>☐ 31-Approval of sale of property of estate and of a co-owner- §363(h)<br><br>**FRBP 7001(4) – Objection/Revocation of Discharge**<br>☐ 41-Objection/revocation of discharge - §727(c),(d),(e)<br><br>**FRBP 7001(5) – Revocation of Confirmation**<br>☐ 51-Revocation of confirmation<br><br>**FRBP 7001(6) – Dischargeability**<br>☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims<br>☐ 62-Dischargeability - §523(a)(2) false pretenses, false representation, actual fraud<br>☐ 67-Dischargeability - §523(a)(4)fraud as fiduciary, embezzlement, larceny<br><br>(continued next column) | **FRBP 7001(6) – Dischargeability (continued)**<br>☐ 61-Dischargeability - §523(a)(5) domestic support<br>☐ 68-Dischargeability - §523(a)(6) willful and malicious injury<br>☐ 63-Dischargeability - §523(a)(8) student loan<br>☐ 64-Dischargeability - §523(a)(15) divorce or separation obligation (other than domestic support)<br>☐ 65-Dischargeability – other<br><br>**FRBP 7001(7) – Injunctive Relief**<br>☐ 71-Injunctive relief – reinstatement of stay<br>☐ 72-Injunctive Relief – other<br><br>**FRBP 7001(8) Subordination of Claim of Interest**<br>☐ 81-Subordination of claim of interest<br><br>**FRBP 7001(9) Declaratory Judgment**<br>☐ 91-Declaratory Judgment<br><br>**FRBP 7001(10) Determination of Removed Action**<br>☐ 01-Determination of removed claim or cause<br><br>**Other**<br>☐ SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq.*<br>☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case) |
|---|---|
| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
| ☐ Check if a jury trial is demanded in complaint | Demand $ |
| Other Relief Sought | |

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES ||||
|---|---|---|---|
| NAME OF DEBTOR<br>BRUCE & CINDY ADELSTEIN ||| BANKRUPTCY CASE NO.<br>11-16053 |
| DISTRICT IN WHICH CASE IS PENDING<br>Northern || DIVISIONAL OFFICE<br>Eastern | NAME OF JUDGE<br>MORGENSTERN-CLARREN |
| **RELATED ADVERSARY PROCEEDING (IF ANY)** ||||
| PLAINTIFF | DEFENDANT || ADVERSARY PROCEEDINGS NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISIONAL OFFICE || NAME OF JUDGE |
| FILING FEE (Check one box only)<br>☐ FEE ATTACHED  ☐ FEE NOT REQUIRED  ■ FEE IS DEFERRED (Plaintiff is Chapter 7 Trustee) ||||
| SIGNATURE OF ATTORNEY (OR PLAINTIFF)<br>/s/ Julie E. Rabin ||||
| DATE<br>1-12-12 ||| PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>Julie E. Rabin |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also complete and file Form 104, the Adversary Proceeding Cover Sheet, if it is required by the court. In some courts, the cover sheet is not required when the adversary proceeding is filed electronically through the court's Case Management/Electronic Case Files (CM/ECF) system. (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of the court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and the defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and in the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CASE NO. 11-16053 |
| | ) | |
| BRUCE S. ADELSTEIN | ) | |
| CINDY ADELSTEIN | ) | CHAPTER 7 PROCEEDINGS |
| 18 LAUREL HILL LANE | ) | |
| PEPPER PIKE, OH 44124 | ) | |
| | ) | |
| Debtor | ) | |
| | ) | U.S. BANKRUPTCY JUDGE |
| MARY ANN RABIN, | ) | MORGENSTERN-CLARREN |
| TRUSTEE-IN-BANKRUPTCY | ) | |
| 55 PUBLIC SQUARE, SUITE 1510 | ) | |
| CLEVELAND, OH 44113-1901 | ) | ADVERSARY PROCEEDINGS NO. |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| vs. | ) | <u>COMPLAINT TO RECOVER FUNDS</u> |
| | ) | |
| JOHN V. DEPALMA | ) | |
| 159 CROCKER PARK BLVD. | ) | |
| SUITE 400 | ) | |
| WESTLAKE, OH 44145 | ) | |
| | ) | |
| and | ) | |
| | ) | |
| CHERYL DEPALMA | ) | |
| 31520 BISHOPS GATE CIRCLE | ) | |
| WESTLAKE, OH 44145 | ) | |
| | ) | |
| Defendants. | ) | |

## JURISDICTION

1.  This adversary proceeding is brought pursuant to Bankruptcy Rule 7001.

2.  This court has jurisdiction over this matter pursuant to 28 U.S.C. Section 1334(b) and (d), 28 U.S.C. Section 157(a), and General Order No. 84 of the United States District Court for the Northern District of Ohio.

3.  This matter is a core matter pursuant to 28 U.S.C. Section 157(b)(2)(A),(E) and (O).

4.  This adversary proceeding is brought pursuant to 11 U.S.C. Section 541 as the within subject matter is property of the estate.

5.  To the extent the Court determines that the matters addressed herein are non-core matters, the Plaintiff hereby consents to the Court's entering a final order in this matter.

6.  Bruce S. Adelstein and Cindy Adelstein filed a petition under chapter 7 of the United States Bankruptcy Code on July 13, 2011.

7.  On or around July 13, 2011, Mary Ann Rabin was appointed Trustee.

8.  On the 22nd day of July, 2008, John V. DePalma and Cheryl DePalma signed a Promissory Note in favor of Bruce S. Adelstein in the amount of Six Hundred Thousand and 00/100 Dollars ($600,000.00) (copy attached as Exhibit A hereto).

9.  As of the date of the filing of the petition, the sum of Six Hundred Thousand and 00/100 Dollars ($600,000.00) was due on the note.

10. Said funds are property of the bankruptcy estate pursuant 11 U.S.C. Section 541.

WHEREFORE, the Plaintiff, Mary Ann Rabin, respectfully prays for judgement against John V. DePalma and Cheryl DePalma in the amount of Six Hundred Thousand and 00/100 Dollars ($600,000.00) plus interest at the rate of six and a quarter percent (5%) from July 22, 2008.

Respectfully submitted:

/s/ Julie E. Rabin
Julie E. Rabin (0006592)
Rabin & Rabin Co., LPA
55 Public Square
Suite 1510
Cleveland, Ohio 44113
(216) 771-8084
(216) 771-4615 facsimile
jrabin@rabinandrabin.com

# COGNOVIT PROMISSORY NOTE

$600,000.00

Cleveland, Ohio
July 22, 2008

FOR VALUE RECEIVED, the undersigned, **John V. DePalma and Cheryl DePalma, his wife** (hereinafter jointly and severally referred to as the "Makers"), promise to pay to the order of **Bruce S. Adelstein** (the "Payee"), the principal sum of Six Hundred Thousand U.S. Dollars ($600,000.00) (the "Principal Sum"), with simple interest of five percent (5%) per annum until this Cognovit Promissory Note is paid in full. Makers shall pay the Principal Sum as follows: (1) for the first forty (40) months after the date of this note, starting on August 1, 2008, Makers shall pay the Payee Seven Thousand U.S. Dollars ($7,000.00) on the first day of each month, plus interest, and (2) for the next eighty (80) months, starting on the forty-first (41st) month after the date of this note, Makers shall pay the Payee Four Thousand U.S. Dollars ($4,000.00) on the first day of each month, plus interest. All payments shall be made without demand, notice, default or excuse. The entire Principal Sum and all accrued interest shall be immediately due if any payment is not made strictly in accord with this schedule, time being of the essence. Provided, however, that in the event that any payment is not paid when due, Payee shall provide notice of that fact by email to jdep265@aol.com, and Makers shall have seven days to cure that default after that notice is sent. The Principal Sum and interest must be paid in full no later than August 1, 2018. These payments may be made in advance.

This Cognovit Promissory Note is deemed to be executed in and shall be governed by the laws of the State of Ohio further to a non-consumer business transaction. Makers consent to personal jurisdiction in any state or federal court in the State of Ohio, or elsewhere at the option of the Payee in connection with any claim, allegation, cause of action, or legal proceeding relating in any way to this Cognovit Promissory Note or any document or instrument or security related thereto.

The Makers hereby irrevocably authorize any attorney-at-law for the Payee to appear in any court of record in the State of Ohio or in any other state of the United States, after the payment of all or a portion of the principal of this Cognovit Promissory Note becomes due and is not timely paid when due, and waive notice, demand, and the issuing and service of process and authorize any attorney-at-law to confess judgment against the Makers in favor of the Payee or holder hereof for the amount then appearing due, plus interest, and the costs of suit to obtain that judgment and collection of it, and thereon to release all errors and to waive all rights of appeal and stays of execution. The foregoing warrant of attorney will survive any judgment, it being understood that should any judgment be vacated for any reason, the holder hereof will be restored to the same rights and the Makers subject to the same obligations as existed hereunder prior to the rendition of such vacated judgment.

**WARNING - BY SIGNING THIS PAPER YOU GIVE UP YOUR RIGHT TO NOTICE AND COURT TRIAL. IF YOU DO NOT PAY ON TIME A COURT JUDGMENT MAY BE TAKEN AGAINST YOU WITHOUT YOUR PRIOR KNOWLEDGE AND THE POWERS OF A COURT CAN BE USED TO COLLECT FROM YOU REGARDLESS OF ANY CLAIMS THAT YOU MAY HAVE AGAINST THE CREDITOR OR PAYEE FOR ANY CAUSE.**

_____
John V. DePalma, Maker

_____
Cheryl DePalma, Maker