IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | CHAPTER 7 PROCEEDINGS |
| | ) | |
| BRUCE & CINDY ADELSTEIN | ) | CASE NO. 11-16053 |
| | ) | |
| Debtor, | ) | ADVERSARY NO. 12-1009 |
| | ) | |
| MARY ANN RABIN, TRUSTEE, | ) | JUDGE MORGENSTERN-CLARREN |
| | ) | |
| Plaintiff, | ) | |
| vs., | ) | |
| | ) | ANSWER OF DEFENDANT |
| JOHN V. DEPALMA, et al., | ) | CHERYL DePALMA AND |
| | ) | CROSS-CLAIM AGAINST |
| Defendant(s). | ) | DEFENDANT JOHN DePALMA |

Now comes Defendant Cheryl DePalma, by and through her undersigned counsel, and hereby makes this her Answer to Plaintiff's Complaint in this matter:

1.    Defendant admits the allegations contained in Paragraphs 1 through 7 of the Complaint.

2.    Defendant is without knowledge regarding the allegation that John V. DePalma signed the subject Promissory Note, and therefore denies that allegation contained in Paragraph 8 of the Complaint.

3.    Further answering, Defendant denies the allegation in Paragraph 8 that she signed a Promissory Note and states that the signature that appears on the referenced Exhibit A for her is a forgery.

4.    Defendant is without knowledge regarding the allegations contained in Paragraphs 9 and 10 of the Complaint, and therefore denies them.

5.    Plaintiff's Complaint fails to state a claim upon which relief can be granted.

1

6.      Plaintiff's Complaint is barred by fraud, since she never signed any Promissory Note nor made any promises to pay under any terms.

7.      Plaintiff's Complaint is barred by a failure of consideration.

8.      Plaintiff's Complaint is barred by a want of consideration for a negotiable instrument.

9.      Plaintiff's Complaint is barred by accord and satisfaction.

10.     Plaintiff's Complaint is barred by estoppel.

11.     Plaintiff's Complaint is barred by payment.

12.     Plaintiff's Complaint is barred by release.

13.     Plaintiff's Complaint is barred by laches.

14.     Plaintiff's Complaint is barred by waiver.

15.     Plaintiff's Complaint is barred by the failure of a condition precedent.

16.     Plaintiff's Complaint is barred by judgment.

WHEREFORE, having fully answered Plaintiff's Complaint in this matter, she asks that it be dismissed against her, and that she recover her costs of this action, including reasonable attorney fees.

## CROSS-CLAIM AGAINST DEFENDANT JOHN V. DePALMA

Now comes Defendant Cheryl DePalma, by and through her undersigned counsel, and hereby makes this her Cross-Claim against Defendant John V. DePalma in this matter:

1.      Defendant states that she has been named a Defendant in this lawsuit, along with her ex-husband, John V. DePalma, and this Cross-Claim arises out of the subject matter of that Complaint.

2.      The basis for the claim against her in this action is a certain Cognovit Promissory Note that is identified by its terms as "a non-consumer business transaction".

2

3.     The Defendants were divorced from each other in Cuyahoga County Domestic Relations Court, Case No. DR-09-328213, *Cheryl A. DePalma v. John V. DePalma, et al.*

4.     The parties' divorce action was filed on October 16, 2009, and a Final Divorce Decree was journalized by that Court on October 26, 2010. A copy of the Case Summary from the Court Docket is attached hereto and incorporated herein by reference as Exhibit 1.

5.     Pursuant to the Judgment Entry of the Court that was journalized on October 26, 2010, it adopted the parties' Separation Agreement and ordered it into effect. A copy of the Judgment Entry is attached hereto and incorporated herein by reference as Exhibit 2.

6.     Under the terms of the relevant portion of the parties' Separation Agreement, Defendant John V. DePalma agreed and was ordered by that Court that "Husband shall pay and hold the Wife harmless for all debts of the marriage including, but not limited to, Husband's personal and business debts, whenever incurred, or joint debts incurred prior to filing of the parties' divorce, or any tax liabilities or tax bills." A copy of Paragraph 8 of the parties' Separation Agreement is attached hereto and incorporated herein by reference as Exhibit 3.

7.     The Cognovit Promissory Note by its terms was incurred on July 22, 2008, which was prior to the filing of the parties' divorce.

8.     The Cognovit Promissory Note is a debt upon which Defendant John V. DePalma is required to indemnify and hold Defendant Cheryl DePalma harmless, per the terms of the parties' Divorce Decree.

9.     Despite demand, Defendant John V. DePalma has failed and refused to indemnify Defendant Cheryl DePalma and hold her harmless on the subject obligation.

10.     The amount of damages that Defendant Cheryl DePalma has incurred as a direct and proximate result of Defendant John V. DePalma's wrongful acts and/or omissions has not yet been determined, but will be proved at the trial of this matter.

WHEREFORE, Defendant Cheryl DePalma prays for judgment in this matter in her favor against Defendant John V. DePalma in the amounts proven at the trial of this matter, together with statutory interest on the amount of judgment and her costs of the action.


Respectfully submitted,


/s/ John B. Ertle, Jr.
John B. Ertle, Jr. (0038866)
19443 Lorain Rd.
Cleveland, OH 44126
(440) 333-8088
Facsimile No. (440) 333-8115
ertlelaw@gmail.com
Attorney for Defendant, Cheryl DePalma


## CERTIFICATE OF SERVICE

A copy of the foregoing Answer was served electronically on all counsel of record in this matter this ___day of March, 2012 as follows:


Julie E. Rabin                                     Kenneth J. Freeman
Rabin & Rabin Co., LPA                     KENNETH J. FREEMAN CO., L.P.A.
Attorney for Plaintiff, Mary Ann Rabin     Attorney for Defendant, John DePalma


Jrabin@rabinandrabin.com                    kjfcolpa@aol.com


/s/ John B. Ertle, Jr.
John B. Ertle, Jr. (0038866)
Attorney for Defendant, Cheryl DePalma

4

 **Gerald E. Fuerst, Clerk of Courts**
**Court of Common Pleas - Cuyahoga County, Ohio** 

| Docket | Case Parties | Costs | Service | All | New Search | Main Menu |

## C A S E   S U M M A R Y

| | |
|---|---|
| Case Number: | DR-09-328540 |
| Case Title: | CHERYL A. DEPALMA vs. JOHN V. DEPALMA, ET AL |
| Case Designation: | DIVORCE-CHILDREN |
| Filing Date: | 10/16/2009 |
| Judge: | ROSEMARY GRDINA GOLD |
| Hearing Officer: | N/A |
| Room: | N/A |
| Next Action: | N/A |
| File Location: | PEND.FILE |
| Last Status: | INACTIVE |
| Last Status Date: | 10/27/2010 |
| Last Disposition: | DISPOSED |
| Last Disposition Date: | 10/26/2010 |
| Prayer Amount: | $.00 |

Print Page | Close Window | Disclaimers | Printer Friendly Version

Only the official court records available from the Cuyahoga County Clerk of Courts, available in person, should be relied upon as accurate and current.

For questions/comments please click here

© PROWARE 1997-2012



THE OHIO LEGAL BLANK CO., INC.

**EXHIBIT**

1

CLEVELAND, OHIO 44102-1799



IN THE COURT OF COMMON PLEAS
DIVISION OF DOMESTIC RELATIONS
CUYAHOGA COUNTY, OHIO

CHERYL A. DEPALMA       (    CASE NO. DR 09   328540
31520 Bishops Gate Circle
Westlake, Ohio 44145     )    JUDGE ROSEMARY GRDINA GOLD
DOB:   03/11/62
SSN:   XXX-XX-0801       (

        Plaintiff      (

     v.         )

JOHN V. DEPALMA       (    <u>JUDGMENT ENTRY</u>
401 Bounty Way, #186
Avon Lake, Ohio 44012    )
DOB:   2/20/52
SSN:   XXX-XX-0398      (

       Defendant     (

This cause came on for hearing on the 26th day of October, 2010 and was duly heard before the Honorable Rosemary Grdina Gold, Judge of the Domestic Relations Division of the Court of Common Pleas upon the Complaint of the Plaintiff and the Counterclaim of Defendant and the evidence.

Upon due consideration thereof, the Court finds that the Plaintiff was a resident of Cuyahoga County for more than 90 days and a resident of the State of Ohio for more than six months immediately preceding the filing of the Complaint; that the parties were married as alleged and that two children were born as issue of the marriage, to wit: ███████████, dob ██████, and ████████████████, dob ████████.

1

THE OHIO LEGAL BLANK CO., INC.

**EXHIBIT**
**2**

CLEVELAND, OHIO 44102-1799

The Court further finds that both the Plaintiff and Defendant have established the cause of Incompatibility, and that by reason thereof, each party is entitled to a divorce from the other.

The Court further finds that the parties have entered into an Agreement, a copy of which is attached hereto, made a part hereof and marked for identification purposes as Exhibit A.

**IT IS THEREFORE ORDERED, ADJUDGED AND DECREED** that marriage contract heretofore existing between the parties be and is hereby dissolved and set aside and the terms of the attached Agreement be and are hereby ordered into execution.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that Defendant shall pay spousal support to the Plaintiff in the sum of One Fifteen Hundred Seventy-three Dollars ($1,573.) per month, plus two percent processing fee, commencing November 1, 2010, for a period of Seven years or 84 months, or upon plaintiff's death or remarriage, defendant's death, or if plaintiff cohabits with an unrelated male in a relationship tantamount to marriage, whichever shall occur first in time. The Court shall not retain jurisdiction as to spousal support except to enforce the provisions herein.

The Court finds that the parties have filed a Plan for Shared Parenting with the court, which plan the Court determines to be in the best interests of the children.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that this Judgment Entry shall constitute an Order for Shared parenting and the parties shall have the rights and responsibilities for the

1

care of the children in accordance with the attached, approved Shared Parenting Plan, which is adopted and incorporated herein by reference and attached hereto as Exhibit B.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that both parents are to file a notice of intent to relocate if he or she intends to move to a residence other than the one specified in this order. Pursuant to the determination made under O.R.C. 3109.051 (G)(2) and subject to further order of the Court, both parents shall be sent a copy of any notice of relocation filed with the Court.

For purposes of this order, Defendant, John V. DePalma, shall be designated the Child Support Obligor and Plaintiff, Cheryl A. DePalma, shall be designated the Child Support Obligee.

This order for child support and cash medical support is effective November 1, 2010. The worksheet used to compute child support and cash medical support under Ohio Revised Code §3119.022 or §3119.023 is attached as Exhibit C.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that when private health insurance IS being provided by a party in accordance with this order for the children named above, the Child Support Obligor shall pay **child support** for the minor children in the sum of $600. per month ($300. per month, per child), plus 2% processing fee, to the Child Support Obligee. (Line 29, Child Support Computation Worksheet- Shared Parenting Order)

2

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that when private health insurance **IS NOT** being provided by a party in accordance with this order for the children named above, the Child Support Obligor shall pay **child support** for the minor children in the sum of $762.83 per month ($381.42 per month, per child), plus 2% processing fee to the Child Support Obligee. (Lines 29 and 31, Child Support Computation Worksheet-Shared Parenting)

The above child support deviates from the amount of child support that would otherwise result from the use of the Basic Child Support Schedule and the applicable worksheet, through the line establishing the actual annual obligation because, pursuant to Ohio Revised Code §3119.22 the amount would be unjust and inappropriate and would not be in the best interest of the minor children for the following reasons:

In accordance with the parties' Agreement, the needs and best interests of the minor children.

The Court finds that the Child Support Obligor's total annual gross income (Line 7a, Child Support Computation Worksheet) is 150% or more of the federal poverty guideline for an individual. Pursuant to Ohio Revised Code §3119.30(C) the cash medical support obligation is 5% of the Child Support Obligor's adjusted gross income (line 14a) or the amount of cash medical support to be paid according to the Ohio Department of Job and Family Services USDA Cash Medical Support Schedule created pursuant to Ohio Revised Code §3119.302(B),

3

whichever is the lower amount.

**IT IS FURTHER ORDERED ADJUDGED AND DECREED** that when private health <u>insurance **IS NOT** being provided by a party in accordance with this order</u> for the children named above, the Child Support Obligor shall pay **cash medical support** in the sum of $162.83 per month ($81.42 per month per child), **plus 2% processing charge.** (Line 31, Child Support Guidelines)

If private health insurance coverage is being provided and becomes unavailable or is terminated, the Child Support Obligor SHALL BEGIN paying cash medical support commencing the first day of the month immediately following the month in which private health insurance coverage became unavailable or is terminated, and SHALL CEASE paying cash medical support on the last day of the month immediately preceding the month in which private health insurance coverage begins or resumes. Cash medical support shall be paid in addition to child support.

The duty of support shall continue Said order shall continue until further order of Court or until each of said child reaches age 18 or so long as the child continuously attends, on a full-time basis, any recognized and accredited high school, however, no later than age 19, or until a child is otherwise emancipated.

4

Total monthly order is $2,216.46 when health insurance is provided.

This includes: $ 612. current child support.

$1604.46. current spousal support

$ 0.00 arrearage payment.

Total monthly order is $2,382.55 when health insurance is not provided.

This includes: $ 778.09 current child support.

- $1,604.46 current spousal support

$0.00 arrearage payment.

There is no arrearage under the temporary support order and CSEA shall correct its records accordingly.

All support shall be paid through Ohio Child Support Payment Central (OCSPC), P.O. Box 182372, Columbus, Ohio 43218-2372. Any payments not made through OCSPC shall not be considered as payment of support. Checks or money orders shall be made payable to "OCSPC".

All support under this order shall be withheld or deducted from the income or assets of the obligor pursuant to a withholding or deduction notice or appropriate order issued in accordance with Chapters 3119., 3121., 3123., and 3125. of the Revised Code or a withdrawal directive issued pursuant to sections 3123.24 to 3123.38 of the Revised Code and shall be forwarded to the Obligee in accordance with Chapters 3119., 3121., 3123., and 3125. of the Revised Code.

5

To secure the support obligations, the Court finds that the Child Support Obligor receives income from an income source. A withholding notice shall issue in the amount of $2,216.46 per month.

Income Source:        Millennium Aviation

          Address:        Reading Regional Airport
                          2365 Burnville Road
                          Reading, PA  19605

The income source shall be notified not to withhold a total amount, including all fees, in excess of the amount allowed under Section 303(b) of the "Consumer Credit Protection Act," 15 U.S.C. 1673(B).     Until the income source begins withholding in the appropriate amount, the Child Support Obligor shall make payments directly to OCSPC.

The Court finds that Defendant, John DePalma, has private health insurance through Medical Mutual, to cover the minor children.     The following minor children are covered under Medical Mutual of Ohio SuperMed, Group Number 360899001, IDN 353792981498.

▓▓▓▓▓▓▓▓▓                    ▓▓▓▓▓▓▓▓▓
31520 Bishops Gate          31520 Bishops Gate
Westlake, OH 44145          Westlake, OH 44145
dob: ▓▓▓▓▓▓▓                dob: ▓▓▓▓▓▓▓

IT IS FURTHER ORDERED ADJUDGED AND DECREED that Obligor, John DePalma, is hereby designated as the Health Insurance Obligor to provide health insurance for said minor children until further order of Court.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the

6

party ordered to provide health insurance supply the other party with information regarding the benefits, limitations and exclusions of the health insurance coverage, copies of any insurance forms necessary to receive reimbursement, payment of other benefits under the health insurance coverage and a copy of any necessary insurance cards.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that after the payment by Obligee of the first $100. per child, per year, of reasonable and ordinary uninsured and unreimbursed medical, optical, dental or prescription drug expenses for the minor children, ████████████, dob ████, and ████████████, dob ███████, the remaining uninsured and unreimbursed medical, optical, dental and prescription drug expenses for said minor children shall be paid 60% Obligor and 40% by Obligee.

The following individual shall be reimbursed for covered out-of-pocket medical, optical, hospital, dental or prescription expenses paid for the above-named children:

Cheryl A. DePalma
31520 Bishops Gate Circle
Westlake, OH 44145

The health plan administrator(s) of the health insurer(s) that provide(s) the private health insurance coverage for the children may continue making payment for medical, optical, hospital, dental, or prescription services directly to any health care provider in accordance with the applicable private health insurance policy, contract, or plan.

7

The employer(s) of the person(s) required to obtain private health insurance coverage is/are required to release to the other parent, any person subject to an order issued under §3109.19 of the Revised Code, or the CSEA, on written request, any necessary information on the private health insurance coverage; including the name and address of the health plan administrator and any policy, contract or plan number, and to otherwise comply with Ohio Revised Code §3119.32 and any order or notice issued under this section.

If the person(s) required to obtain private health insurance coverage for the children subject to this child support order obtain(s) new employment, the agency shall comply with the requirements of section 3119.34 of the Revised Code, which may result in the issuance of a notice requiring the new employer to take whatever action is necessary to enroll the children in private health insurance coverage provided by the new employer.

Any employer who receives a copy of an order issued under Ohio Revised Code §3119.30, §3119.33 or §3119.34 shall notify the CSEA of any change in or the termination of the Child Support Obligor's or the Child Support Obligee's private health insurance coverage that is maintained pursuant to the order.

Upon receipt of notice by the CSEA that private health insurance coverage is not available at a reasonable cost, cash

medical support shall be paid in the amount as determined by the child support computation worksheets in §3119.022 or §3119.023 of the Revised Code, as applicable. **The CSEA may change the financial obligations of the parties to pay child support in accordance with the terms of the court order and cash medical support without a hearing or additional notice to the parties.**

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that pursuant to Revised Code §3119.82, the following person shall claim the children who are the subject of this order as dependents for federal income tax purposes:

Defendant, John DePalma, shall take the minor child, ███████████, as an exemption and Plaintiff shall claim ████ ███████ as an exemption for state and federal tax purposes commencing in the tax year 2010 and forward.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the parties shall take whatever action is necessary pursuant to section 152 of the "Internal Revenue Code of 1986," 100 Stat. 2085, 26 U.S.C. 1, as amended, to enable the parent who has been awarded the right to claim the exemption to claim a child as a dependent for federal income tax purposes in accordance with this order. Failure of a party to comply with the order may be considered contempt of Court.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the both Obligor, John V. DePalma, and Obligee, Cheryl A. DePalma

9

immediately notify CSEA, in writing, of **any** change in employment (including self-employment), receipt of additional income/monies or termination of benefits. The Obligor, John V. DePalma, shall include a description of the nature of the employment and the name, business address and telephone number of any employer. The Obligor, John V. DePalma, shall immediately notify CSEA of any change in of an account from which support is being deducted or the opening of a new account with any financial institution and account number.

   **IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that all parties comply with the request of CSEA or the Court to provide a copy of his/her health insurance benefits, federal income tax return from the previous year, all pay stubs within the preceding six (6) months, all other records evidencing the receipt of any other salary, wages or compensation within the preceding six (6) months. Said records include, but are not limited to, proof of unemployment status, financial institution accounts, and any benefits (i.e. unemployment, sub-pay, sick leave, Workers Compensation, severance pay, retirement, disability, or annuities, Social Security and Veteran's Administration).

   Either party's failure to provide any earnings/benefits information pursuant to this order, or failure to comply with the foregoing order of notification shall be considered contempt of Court, punishable by a fine and/or jail sentence. Attorney fees and courts costs may then be assessed against the party held in Contempt.

10

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that both parties shall immediately notify the Cuyahoga County Child Support Enforcement Agency (CSEA) of any reason for which the support order should terminate, including but not limited to, death, marriage, emancipation, incarceration, enlistment in Armed Services, deportation, or change of legal or physical custody of the child.

Pursuant to Ohio Revised Code Section 3121.14, the following information is provided.

OBLIGEE:  NAME:               Cheryl A. DePalma
         RESIDENCE ADDRESS:   31520 Bishops Gate Circle
                          Westlake, OH 44145
         MAILING ADDRESS:     31520 Bishops Gate Circle
                          Westlake, OH 441245
             DOB:          03/11/62

OBLIGOR:  NAME:               John V. DePalma
         RESIDENCE ADDRESS:   401 Bounty Way #186
                          Avon Lake, OH 44012
         MAILING ADDRESS:     401 Bounty Way #186
                          Avon Lake, OH 44012
             DOB:     02/20/52

EACH PARTY TO THE SUPPORT ORDER MUST NOTIFY THE CHILD SUPPORT ENFORCEMENT AGENCY IN WRITING OF HIS OR HER CURRENT MAILING ADDRESS, CURRENT RESIDENCE ADDRESS, CURRENT RESIDENCE TELEPHONE NUMBER, CURRENT DRIVER'S LICENSE NUMBER, AND OF ANY CHANGES IN THAT INFORMATION. EACH PARTY MUST NOTIFY THE AGENCY OF ALL CHANGES UNTIL FURTHER NOTICE FROM THE COURT. IF YOU ARE THE OBLIGOR UNDER THE CHILD SUPPORT ORDER AND YOU FAIL TO MAKE THE REQUIRED NOTIFICATIONS YOU MAY BE FINED UP TO $50. FOR A FIRST OFFENSE, $100. FOR A SECOND OFFENSE, AND $500. FOR EACH SUBSEQUENT OFFENSE. IF YOU ARE AN OBLIGOR OR OBLIGEE UNDER ANY SUPPORT ORDER AND YOU WILLFULLY FAIL TO MAKE THE REQUIRED NOTIFICATIONS YOU MAY BE FOUND IN CONTEMPT OF COURT AND BE SUBJECTED TO FINDS UP TO $1,000 AND IMPRISONMENT FOR NOT MORE THAN 90 DAYS. IF YOU ARE THE OBLIGOR AND YOU FAIL TO MAKE THE REQUIRED NOTIFICATIONS, YOU MAY NOT RECEIVE NOTICE OF THE FOLLOWING ENFORCEMENT ACTIONS AGAINST YOU; IMPOSITION OF LIENS AGAINST YOUR PROPERTY; LOSS OF YOUR PROFESSIONAL OR OCCUPATIONAL LICENSE, DRIVER'S LICENSE, OR RECREATIONAL LICENSE;

11

WITHHOLDING FROM YOUR INCOME; ACCESS RESTRICTION AND DEDUCTION FROM YOUR ACCOUNTS IN FINANCIAL INSTITUTIONS; AND ANY OTHER ACTION PERMITTED BY LAW TO OBTAIN MONEY FROM YOU TO SATISFY YOUR SUPPORT OBLIGATION.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that all restraining orders previously issued by this Court are hereby dissolved and set aside.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the defendant pay the costs of this proceeding after application of all deposits, for which judgment is rendered and execution may issue.

_____
JUDGE ROSEMARY GRDINA GOLD

APPROVED:

_____
CHERYL A. DEPALMA,
Plaintiff

_____
RANDALL M. PERLA  0025193
Attorney for Plaintiff

_____
JOHN V. DEPALMA, Defendant

_____
MARGARET E. STANARD  0002699
Attorney for Defendant

DDR JOURNAL DEPARTMENT
COSTS: _____
_____ incomp

**RECEIVED FOR FILING**

**OCT 2 6 2010**

GERALD E. FUERST, CLERK
By_____ Deputy

THE STATE OF OHIO } SS. I, GERALD E. FUERST, CLERK OF
Cuyahoga County } THE COURT OF COMMON PLEAS
WITHIN AND FOR SAID COUNTY,
HEREBY CERTIFY THAT THE ABOVE AND FOREGOING IS TRULY
TAKEN AND COPIED FROM THE ORIGINAL _____
NOW ON FILE IN MY OFFICE,
WITNESS MY HAND AND SEAL OF SAID COURT THIS _____
DAY OF _____ A.D. 20____
GERALD E. FUERST, Clerk
By_____, Deputy

12



THE OHIO LEGAL BLANK CO., INC.

**EXHIBIT**

3

CLEVELAND, OHIO 44102-1799

**7.    Return of Wife's Jewelry:**

Husband shall return all of Wife's jewelry to Wife upon execution of this Agreement.

**8.    Debts:**

Husband shall pay and hold the Wife harmless for all debts of the marriage including, but not limited to, Husband's personal and business debts, whenever incurred, or joint debts incurred prior to filing of the parties' divorce, or any tax liabilities or tax bills.  Husband shall be entitled to any refunds received from any tax filings, including but not limited to, any amended returns.  Wife shall cooperate and execute any forms required and endorse over any refunds to Husband.

**9.    Children's 529 Accounts:**

The parties acknowledge that the children have 529 accounts at Fidelity.  Wife shall continue to select the investments in said accounts, and neither party shall withdraw funds from said accounts without the prior written approval of both parties.

**10.   Life Insurance:**

Each party shall purchase or maintain policies of life insurance in the face amount of $500,000. with the minor children of the parties as irrevocable beneficiaries until the youngest child is emancipated.  Each party shall deliver a copy of said